UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>ERNEST MURPHY,<br><br>Defendant. | No. 18-cr-373-11 (RJS)<br>PRELIMINARY ORDER OF FORFEITURE<br>AS TO SPECIFIC PROPERTY |

RICHARD J. SULLIVAN, Circuit Judge:

On or about July 11, 2019, Ernest Murphy, a/k/a "Problem G," a/k/a "E" ("Defendant"), was charged in a two-count Indictment, S3 18 Cr. 373 (RJS) (the "Indictment"), with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846 (Count One) and with a firearms offense, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Two).  The Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting and derived from any proceeds obtained, directly or indirectly, as a result of the offense and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offense, including but not limited to a sum of money in the United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment.

On August 20, 2019, Defendant was found guilty, following a jury trial, of Counts One and Two of the Indictment.  Accordingly, the government moved to forfeit Defendant's right, title and interest in $3,080 in United States currency seized by the government on or about January 5, 2018,

from a residence located on Decatur Street, Brooklyn, New York (the "Specific Property"), which, according to the government, constitutes proceeds traceable to the offense charged in Count One of the Indictment that Defendant personally obtained.

On February 13, 2020, the Court sentenced Defendant to 260 months' incarceration to be followed by a five-year term of supervised release. As part of that sentence, the Court ordered Defendant to forfeit the Specific Property, to which Defendant did not object.

Pursuant to Title 21, United States Code, Section 853(g), and Federal Rules of Criminal Procedure 32.2(b)(3) and 32.2(b)(6), the government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS THEREFORE NOW ORDERED, ADJUDGED, AND DECREED THAT:

1. As a result of the offense charged in Count One of the Indictment, to which Defendant was found guilty, all of Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Federal Rule of Civil Procedure 32.2(b)(4), this Preliminary Order of Forfeiture as to the Specific Property (the "Preliminary Order") is final as to Defendant and shall be deemed part of the sentence of Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Federal Rule of Criminal Procedure 32.2(b)(6), and Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv)(C) and G(5)(a)(ii), the government is permitted to publish forfeiture notices at www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The government forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than Defendant, claiming interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6)(A), the government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, the Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2.

The Clerk of Court is respectfully directed to forward three certified copies of this Preliminary Order to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED.

Dated:   July 2, 2020
         New York, New York

                                                RICHARD J. SULLIVAN
                                                UNITED STATES CIRCUIT JUDGE
                                                Sitting by Designation